LOUISE D. MORRELL, PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket No. 83941.   Promulgated August 3, 1938.

*Emanuel Friedman, Esq.,* and *Wm. Cutler Thompson, Esq.,* for
the petitioner.

*E. M. Woolf, Esq.,* for the respondent.

OPINION.

Turner: The sole question presented for our determination is whether the payment of $12,533.33 made by the petitioner to the St. Francis Industrial School should be allowed as a credit for dependents under section 25 (d) of the Revenue Act of 1932.[1] The record shows that the petitioner regularly and for a number of years prior to the taxable year had been contributing monthly amounts sufficient to cover the difference between the income from the school's endowment fund and its operating costs. The school used those funds, together with the income from the endowment fund, for the purpose of carrying on its activities, which included housing, feeding, educating, and otherwise maintaining approximately 250 boys who were selected and transferred to it by the Catholic Children's Bureau or St. John's Orphan Asylum. It is conceded by the respondent that the payments so made by the pe-

---

[1] SEC. 25. CREDITS OF INDIVIDUAL AGAINST NET INCOME.

There shall be allowed for the purpose of the normal tax, but not for the surtax, the following credits against the net income:

   *        *        *        *        *        *        *

(d) Credit for Dependents.—$400 for each person (other than husband or wife) dependent upon and receiving his chief support from the taxpayer if such dependent person is under eighteen years of age or is incapable of self-support because mentally or physically defective.

titioner were deductible as contributions to a charitable organization under section 23 (n)[2] of the act, subject only to the limitations provided therein. The petitioner now claims that, by reason of the execution of the instrument of May 10, 1933, and the inclusion therein of the names of the boys who entered the school during that year, the amount so paid to the St. Francis Industrial School during 1933 constituted, to the extent of $12,533.33, payments made for the chief or sole support of 64 boys within the meaning of section 25 (d).

We have examined the facts carefully and are unable to subscribe to the application of the statute contended for. In the first place, the mere fact that an agreement to make a contribution is reduced to writing does not convert it into something different, and in the second place, the facts definitely show that the petitioner continued to do what she had done before, that is, to contribute to the St. Francis Industrial School an amount sufficient to make up the excess of its operating expenses over the income from its endowment fund, and from the funds derived from its endowment and the contributions so made by the petitioner the St. Francis Industrial School supported and maintained the boys in question. The listing of inmates or anticipated inmates of a charitable institution in an agreement to contribute to such an institution does not convert the individuals named into dependents within the meaning of section 25 (d), *supra*, and in determining taxable income the allowance for such contributions is to be made under section 23 (n), *supra*, and not as credits for dependents.

*Decision will be entered for the respondent.*

---

[2] SEC. 23. DEDUCTIONS FROM GROSS INCOME.

In computing net income there shall be allowed as deductions :

\* \* \* \* \* \* \*

(n) CHARITABLE AND OTHER CONTRIBUTIONS.—In the case of an individual, contributions or gifts made within the taxable year to or for the use of :

\* \* \* \* \* \* \*

(2) a corporation, or trust, or community chest, fund or foundation, organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, or for the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private shareholder or individual ;

\* \* \* \* \* \* \*

to an amount which in all the above cases combined does not exceed 15 per centum of the taxpayer's net income as computed without the benefit of this subsection. \* \* \*